UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

FREDERICK HARRISON and
PHYLLIS HARRISON,

    *Plaintiffs,*

v.

BANK OF AMERICA, NA, and
BAC HOME LOANS SERVICING,

    *Defendant.*[1]
_____/

CASE NO. 12-CV-12281

DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE CHARLES BINDER

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS
(Doc. 6)

### I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Defendant's motion be **GRANTED** and the case be dismissed with prejudice in its entirety.

### II.    REPORT

#### A.    Introduction

This action was removed from the Ogemaw County Circuit Court, State of Michigan, on May 24, 2012. Plaintiffs' complaint alleges the following claims: (1) Violation of the Michigan Notary Act, Mich. Comp. Laws § 55.287, because the signatures of the notaries on their notary applications "do not match the signatures on Defendant's sheriff's deed"; (2) Quiet Title; (3)

---

[1] Defendant BAC Home Loans Servicing, LP, merged with and into Bank of America, N.A. (Doc. 6 at 9 n.2.)

Violation of Mich. Comp. Laws § 565.371, which criminalizes fraudulent conveyances; (4) Violation of Mich. Comp. Laws § 600.2907a, which addresses violations of Mich. Comp. Laws § 565.25, i.e., slander of title. (Doc. 1.) These claims all relate to the circumstances surrounding a mortgage loan, default, subsequent sheriff's sale completed on November 3, 2011, and expiration of the redemption period as of May 3, 2012. (Doc. 1 at 6.) Defendant removed the case to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (Doc. 1 at 2-3.)

On August 16, 2012, Defendant filed the instant dispositive motion. (Doc. 6.) A hearing was held on November 1, 2012, with counsel for all parties present. At that time, Plaintiffs were given 45 days to file a response to the motion and, if no response was filed, the Court indicated that it would consider the motion under advisement and ready for decision. To date, no response has been filed by Plaintiffs. Therefore, the motion is ready for report and recommendation.

  **B. Factual Background**

Plaintiffs' property is commonly known as 4356 South Lake Drive, West Branch, Michigan (the "property"). (Doc. 1 at 6.) Plaintiffs entered into the subject mortgage and related promissory note on January 23, 2007, in which Plaza Home Mortgage, Inc., ("Plaza") was described as the "Lender" and Mortgage Electronic Registration Systems, Inc., ("MERS") as the "mortgagee" and "nominee for Lender and Lender's successors and assigns." (Doc. 6, Exs. A and B.) The promissory note was signed for the same amount as the mortgage, i.e., $129,000.00 plus interest. (*Id.*)

On November 8, 2010, MERS "as nominee for Lender and Lender's assigns," assigned the mortgage to Defendant BAC Home Loans Servicing, L.P. ("BAC"). (Doc. 6 at Ex. C.) This assignment was recorded with the Ogemaw County Register of Deeds on November 12, 2010. (*Id.*)

2

Plaintiffs do not dispute that they failed to make the required payments, thereby causing the note to be accelerated and foreclosure proceedings to commence. (Doc. 1.)

A Notice of Foreclosure Sale was first published on October 19, 2011, and again thereafter. (Doc. 6 at Ex. D.) On November 3, 2011, Defendant Bank of America purchased the property and a Sheriff's Deed on Mortgage Sale was issued. (*Id.* at Ex. D.) On March 23, 2012, Defendant sold the subject property via quitclaim deed to the Federal National Mortgage Association, a/k/a Fannie Mae. (*Id.* at Ex. E.)

### C. Motion Standards

Defendant moves for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, or, in the alternative, for summary judgment pursuant to Rule 56(c). Since all of the claims are analyzed under the motion to dismiss standards, the motion will be treated as a motion to dismiss.

When deciding a motion to dismiss, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570 (rejecting the traditional Rule 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause

of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

"In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997) (quotation omitted). This circuit has further "held that 'documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim.'" *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997) (quoting *Venture Associates Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)); *Yeary v. Goodwill Industries-Knoxville, Inc.*, 107 F.3d 443, 445 (6th Cir. 1997) (consideration of other materials that "simply filled in the contours and details of the plaintiff's [second amended] complaint, and added nothing new" did not convert motion to dismiss into motion for summary judgment).

### D. Analysis & Conclusions

#### 1. Standing

Plaintiffs ask this Court to "[s]et aside [the] sheriff's sale" and "[p]rovide for actual and exemplary damages" and "penalties under all the statutes enumerated above . . . ." (Doc. 1 at 9.) I first suggest that Plaintiffs lack standing to bring this action. Although Plaintiffs have asserted that "fraud" occurred, I suggest that the averments are insufficient to allege fraud or provide standing.

4

Under Michigan law, "[w]hen the redemption period expires, the purchaser of a sheriff's deed is vested with 'all the right, title, and interest' in the property." *Carmack v. Bank of New York Mellon*, No. 12-cv-11669, 2012 WL 2389863, at *2 (E.D. Mich. June 25, 2012) (citing Mich. Comp. Laws § 600.3236). "The law in Michigan does not allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice in the absence of a clear showing of fraud or irregularity." *Overton v. Mortgage Elec. Reg. Sys.*, No. 07-725429, 2009 WL 1507342, at *1 (Mich. Ct. App. 2009). The Michigan Court of Appeals has recently affirmed the holding in *Overton* even where the plaintiff filed suit before expiration of the redemption period. *Awad v. General Motors Accept. Corp.*, No. 302692, 2012 WL 1415166, at *3 (Mich. Ct. App. 2012). The court reiterated that "[u]pon the expiration of the redemption period, [plaintiff] lost all right, title, and interest in the property and therefore, lost her standing to sue." *Id.*; *accord Chungag v. Wells Fargo Bank, N.A.*, No. 12-11073, 2012 WL 1945483, at *4 (E.D. Mich. May 30, 2012); *Duff v. Federal Nat'l Mort. Ass'n,* No. 11-cv-12474, 2012 WL 692120, at *3 (E.D. Mich. Feb. 29, 2012); *Luster v. Mortgage Elec. Reg. Sys.,* No. 11-CV-14166, 2012 WL 124967, at *2 (E.D. Mich. Jan. 17, 2012); *El-Sablani v. Onewest, F.S.B.*, No. 11-11178, 2011 WL 6309155, at *3 (E.D. Mich. Dec. 15, 2011); *Galati v. Wells Fargo Bank,* No. 11-11487, 2011 WL 5178276, at *3-4 (E.D. Mich. Nov. 1, 2011) (holding that the standing rule is not altered when the plaintiff filed the lawsuit before the redemption period expired); *LaSalle Bank Nat'l Assoc. v. Ray*, No. 09-13526, 2011 WL 576661,

at *6 (E.D. Mich. Feb. 9, 2011).[2] Therefore, I suggest that Plaintiffs lack standing to bring suit unless they make a clear showing of fraud or irregularity.

I further suggest that Plaintiffs' allegations fall short of a clear showing of fraud or irregularity sufficient to provide standing. Plaintiffs' complaint only uses the word "fraud" once, under Count IV, when it states that "Defendants are in violation of MCL 600.2907a with regard to the fraud perpetrated upon the court." (Doc. 1 at 8.) In addition, Plaintiffs' complaint avers a violation of Mich. Comp. Laws § 565.371, which criminalizes fraudulent conveyances. These bare bones allegations do not aver any irregularity or actions amounting to improper motive, let alone fraud, that would provide an exception to the standing rules.

The only other actions complained of are the foreclosure by advertisement and assignment of mortgage. (Doc. 1 at 7-8; Count II.) However, Plaintiffs do not aver any irregularity in the process; they simply conclude that foreclosure was not authorized because the "alleged assignment of mortgage or transfer which transferred, if anything, only an interest in the mortgage." (Doc. 1 at 7-8.) Since Plaintiffs appear to contend that a holder of the mortgage interest alone, without an interest in the promissory note, is unauthorized to foreclose, it appears that Plaintiffs' averments are based on case law which has since been overturned.

Although a Michigan Court of Appeals decision held that MERS, as nominee for the lender, could not meet the requirements of section 3204 because it did not have any interest in the promissory note, *see Residential Funding Co., LLC v. Saurman*, 807 N.W.2d 412 (Mich. Ct. App.

---

[2]*But see Ahmad v. Wells Fargo Bank, N.A.*, 861 F. Supp. 2d 818, 823-24 (E.D. Mich. Mar. 19, 2012) (disagreeing with cases finding that plaintiffs lack standing after redemption period expires because plaintiffs are the last owner and possessor of the property and often remain in possession of the property notwithstanding any sheriff's sale which should satisfy the injury in fact requirements for standing, but ultimately concluding that the "court does not need to resolve Plaintiffs' standing . . . because, even assuming they have such standing, their claims are still subject to dismissal . . . "); and *Moss v. Wells Fargo Bank, N.A.*, No. 11-13429, 2012 WL 1050069, at *3-4 (E.D. Mich. 2012).

2011), the Michigan Supreme Court summarily reversed the decision in lieu of granting appeal. *Residential Funding Co., L.L.C. v. Saurman*, 805 N.W.2d 183 (Mich. 2011). The Michigan Supreme Court expressed its concurrence with the dissenting opinion in the Court of Appeals' decision and stated:

> We clarify, however that MERS' status as an "owner of an interest in the indebtedness" does not equate to an ownership interest in the note. Rather, as record-holder of the mortgage, MERS owned a security lien on the properties, the continued existence of which was contingent upon satisfaction of the indebtedness. This interest in the indebtedness – i.e., the ownership of legal title to a security lien whose existence is wholly contingent on the satisfaction of the indebtedness – authorized MERS to foreclose by advertisement under MCL 600.3204(1)(d).
>
> Furthermore, we add that the Court of Appeals' conclusion to the contrary is inconsistent with established legal principles governing Michigan's real property law, and specifically foreclosure by advertisement. "Under the settled law of this State, the mortgage and the note are to be construed together."

*Residential Funding*, 805 N.W.2d at 183 (citation omitted).

Similarly, in the instant case Defendant, as assignee, acquired all the rights and interests that MERS had under the mortgage. MERS was the "mortgagee" and the Lender, Plaza's, "nominee for Lender and Lender's assigns," but since MERS had no interest in the promissory note, Defendant acquired no interest in the promissory note. However, the Michigan Supreme Court has made clear that the absence of an interest in the promissory note will not otherwise divest a party with a record lien – i.e., a mortgage interest in the property – of the right to foreclose on that property by advertisement.

Here, the evidence shows that at the time of the sale, Defendant BAC was the record holder of the mortgage[3] on Plaintiffs' property (Doc. 3 at Ex. 3) and, thus, was authorized to foreclose by advertisement. Mich. Comp. Laws § 600.3204(1)(d), (3); *Yunanova v. BAC Home Loans Servicing,*

---

[3] To be the record holder of the mortgage, Defendant needed to record its mortgage interest before the scheduled date of sale, which it did. *See* Mich. Comp. Laws § 600.3204(3).

7

*LP*, No. 2:10-cv-14156, 2012 WL 441161, at *5 (E.D. Mich. Feb. 10, 2012) (dismissing claim under Mich. Comp. Laws § 600.3204 where MERS assigned mortgage to Wells Fargo and Wells Fargo commenced foreclosure). Therefore, I suggest that Plaintiffs have not averred any irregularity or defect in the foreclosure that could even arguably provide Plaintiffs with standing.[4] I therefore suggest that Defendant's motion to dismiss should be granted on this ground alone.

**2.     Alternative Analysis**

Even if Plaintiffs have standing, I suggest that they have not stated a claim for relief and thus, that Defendant's motion to dismiss should be granted.

**a.     Michigan Notary Act (Count I)**

Plaintiffs allege that the Michigan Notary Act, Mich. Comp. Laws § 55.287, was violated because the signatures of the notaries on their notary applications "do not match the signatures on Defendant's sheriff's deed." (Doc. 1 at 7.) First, I note that the statute does not require the

---

[4] I further note that even if there had been a defect or irregularity in the notice of the foreclosure or the foreclosure proceeding itself, any such defects would have rendered the foreclosure voidable and not void. *Kim v. JP Morgan Chase Bank, N.A.*, No. 144690, 2012 Mich. LEXIS 2220, at *22 (Mich. Sup. Ct. Dec. 21, 2012) ("we hold that defects or irregularities in a foreclosure proceeding result in a foreclosure sale that is voidable, not void *ab initio*."); *Jackson Inv. Corp. v. Pittsfield Prod., Inc.,* 162 Mich. App. 750, 755, 413 N.W.2d 99, 101 (1987) ("A defect in notice renders a foreclosure sale voidable and not void.") Since the sale is voidable, plaintiffs "must show that they were prejudiced by defendant's failure to comply with MCL 600.3204," i.e., "that they would have been in a better position to preserve their interest in the property absent defendant's noncompliance with the statute." *Kim*, at *22.
   Federal case law has consistently held that where plaintiffs have admitted default, received notice of default, failed to show they had the funds to outbid the highest bidder at the sale, let alone pay the entire unpaid balance owing on the loan, and showed no attempt to redeem the property, they cannot show how any alleged defects in the notice prejudiced them. *See, e.g., Elson v. Deutsche Bank Nat'l Trust Co.*, No. 11-14100, 2012 WL 1902916, at *6 (E.D. Mich. May 25, 2012); *Piccirilli v. Wells Fargo Bank, N.A.*, No. 2:11-cv-10264, 2012 WL 1094333, at *7 (E.D. Mich. Mar. 30, 2012); *Caillouette v. Wells Fargo Bank, N.A.*, No. 11-cv-10204, 2012 WL 1033498, at *8 (E.D. Mich. Mar. 27, 2012).
   I suggest that Plaintiffs in the instant case suffer from the same failure; they have not sufficiently alleged prejudice. Here, Plaintiffs have not challenged the fact that they defaulted on the loan, that they received notice of that default, and that they were aware the property was scheduled for foreclosure sale. In addition, Plaintiffs have not alleged that they ever attempted to redeem the property, and they have not alleged that they had sufficient funds to outbid the highest bidder at the sale, let alone pay off the entire loan. Thus, even if they could show some defect in notice, I further suggest that they cannot receive the relief they request, i.e., a declaration that the sheriff's deed is void. I therefore suggest that Defendant's motion to dismiss be granted based on Plaintiffs' lack of standing and inability to achieve the relief requested.

8

signatures to match, it simply requires that the notary use "[t]he name of the notary public exactly as it appears on his or her application for commission as a notary public[,]" i.e., if the notary's name is John Q. Doe on his application, he must use John Q. Doe, rather than John Doe, or John Quincy Doe, when notarizing documents. Mich. Comp. Laws § 55.287(2)(a). Plaintiffs' reading of the statute to require exact replica signatures would set a nearly impossible standard and is not required by the statutory language. Moreover, the statute provides that "the illegibility of the statements required in subsection (2) does not affect the validity of the transaction or record that was notarized." Mich. Comp. Laws § 55.287(4). Therefore, even if the signature were illegible, the transaction would not have been affected. If illegibility does not affect the transaction, it is hard to imagine that an inexact replica of a signature would. Finally, even assuming, *arguendo*, that the notary had failed to properly acknowledge and verify the deed, that "does not mean that the deed itself is invalid . . . [because] the deed remains valid even with the notarial act invalidated." *McConnell v. McConnell*, No. 304959, 2012 WL 5857297, at *2 (Mich. Ct. App. Oct. 30, 2012); Mich. Comp. Laws § 565.604 ("No conveyance of land or instrument intended to operate s such conveyance, made in good faith and upon a valuable consideration . . . shall be wholly void by reason of any defect in any statutory requisite in the sealing, signing, attestation, [or] acknowledgment . . . ."). I therefore suggest that Plaintiffs' claim under the Notary Act fails and that Defendant's motion to dismiss should be granted.

   **b.**  **Quiet Title (Count II)**

Under Michigan law, an action to quite title is "equitable in nature." Mich. Comp. Laws § 600.2932(5). The doctrine of unclean hands applies in equitable actions, including quiet title actions. *McFerren v. B&B Inv. Group*, 655 N.W.2d 779 (Mich. Ct. App. 2002). "The clean hands maxim is a self-imposed ordinance that closes the doors of a court of equity to one tainted with

inequitableness or bad faith relative to the matter in which he seeks relief, however improper may have been the behavior of the defendant." (*Id.* at 783 (citations omitted).) Where, as here, Plaintiffs received $129,000, failed to pay the debt as agreed and then "sought judicial assistance in avoiding [their] contractual obligations[,]" the doctrine of unclean hands applies to close the doors to equitable relief, such as quiet title. *See Yuille v. American Home Mort. Servs., Inc.*, No. 10-2564, 2012 WL 1914056, at *1-2 (6th Cir. May 29, 2012). I further suggest that even if the merits were addressed, Plaintiffs have not met their burden to establish a prima facie case of title free of valid liens. (*Id.*) I therefore suggest that this claim be dismissed.

###### c. Violation of Mich. Comp. Laws § 565.371 (Count III)

As noted by Defendant, Mich. Comp. Laws § 565.371 is a criminal statute which provides that "whoever procures or places upon record any conveyance of real estate, with intent to deceive any person as to the identity of the grantor mentioned in such conveyance, shall upon conviction be punished by imprisonment in the state prison at hard labor, not to exceed 3 years, or by a fine not exceeding 5,000 dollars, or both, in the discretion of the court." Under Michigan law, "generally, where a statute contains criminal penalties for violations of its provisions, this Court has held that no private cause of action based on alleged violations of the statute will lie." *Patton v. Village of Cassopolis*, No. 301754, 2012 WL 205832, at *5 (Mich. Ct. App. Jan, 24, 2012) (citing *Lane v. Kindercare Learning Ctrs. Inc.,* 588 N.W.2d 715 (Mich. Ct. App. 1998)). I therefore suggest that the statute does not provide a private cause of action and that this claim should be dismissed.

###### d. Violation of Mich. Comp. Laws § 600.2907a (Count IV)

The elements of a slander of title claim are: (1) falsity of statement, (2) malice or intent to harass, and (3) special damages. *B&B Invest. Group v. Gitler*, 581 N.W.2d 17 (Mich. Ct. App.

10

1998); Mich. Comp. Laws § 565.108. "Malice may not be inferred from the filing of an invalid lien; the plaintiff must show that the defendant knowingly filed an invalid lien with the intent to cause the plaintiff injury." *Scranton v. Dachille*, 463 N.W.2d 479, 486 (Mich. Ct. App. 1990). In the mortgage foreclosure context, these elements have been met where defendants falsely represented that the plaintiff defaulted when the plaintiff had never defaulted and where the trial court drew an adverse inference that the defendants acted with malice where the defendants did not testify or come forward with any explanation for their actions. *See Gipson v. Belvedere Constr., Inc.*, No. 296765, 2011 WL 2651866, at * 3-4 (Mich. Ct. App. July 7, 2011). Neither of these scenarios occurred here. In the instant case, Plaintiffs have not challenged the fact that they defaulted on their mortgage payments. Since Plaintiffs have not pleaded facts sufficient to support either the falsity or malice elements, I suggest that Defendant's motion to dismiss should be granted on this claim as well.

### E.     Conclusion

For the reasons stated above, I suggest that Defendant's motion to dismiss should be granted as to all claims and that the case should be dismissed with prejudice in its entirety.

## III.     REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v.*

11

*Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

                                       s/ *Charles E Binder*
                                       CHARLES E. BINDER
Dated: January 17, 2013                United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date and served upon counsel of record via the Court's ECF System.

Date: January 17, 2013                By     s/Patricia T. Morris
                                                  Law Clerk to Magistrate Judge Binder